UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PETER & NANCY BARRY h/w <br><br> Plaintiffs <br><br> vs. <br><br> MERCANTILE ADJUSTMENT BUREAU, LLC a/k/a MERCANTILE ADJUSTMENT BUREAU, INC. <br><br> Defendant | Case Number <br><br><br> CIVIL COMPLAINT <br><br> JURY TRIAL DEMANDED |

COMPLAINT AND JURY DEMAND

  **COMES NOW,** Plaintiffs, Peter and Nancy Barry, h/w, by and through their undersigned counsel, Brent F. Vullings, Esq. of Warren & Vullings, LLP, complaining of Defendant and respectfully avers as follows:

  I.  **INTRODUCTORY STATEMENT**

  1.  Plaintiffs, Peter and Nancy Barry, h/w, are individual consumers, who bring this action for actual and statutory damages and other relief against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## II.   JURISDICTION

2. Jurisdiction of this court arises under 15. U.S.C. § 1692k(d) and 28 U.S.C. §1337.

3. Venue in this District is proper in that the Defendant transacts business here and maintains a registered office in this District.

## III.   PARTIES

4. Plaintiffs, Peter and Nancy Barry, h/w, are adult natural persons residing at 5 Geddes Street, Apt B., Holley, NY 14470. At all times material and relevant hereto, Plaintiffs are "consumers" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5. Defendant, Mercantile Adjustment Bureau, LLC a/k/a Mercantile Adjustment Bureau, Inc. ("Defendant"), at all times relevant hereto, is and was a Corporation engaged in the business of collecting debt within the Commonwealth of Pennsylvania and the State of New York with its principal place of business located at 803 West Avenue, Suite 197, Rochester, NY 14611 and a registered address at 116 Pine Street, Suite 320, Harrisburg, PA 17101.

6. Defendant is engaged in the collection of debts from consumers using the mail and telephone. Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

## IV.    FACTUAL ALLEGATIONS

7. On or about March 3, 2010, Plaintiffs received their first call from Defendant's agent, "Jeffrey", collecting on a debt allegedly owed to National Grid Electric Company.

8. On that call Defendant's agent, "Jeffrey", demanded payment of approximately $1,100.00 and wanted payment that day.

9. Defendant's agent, "Jeffrey", stated that Plaintiff, Peter's, wages would be garnished if they did not set-up payment arrangements with him that day.

10. Plaintiff, Peter Barry's only source of income is Social Security/Disability benefits.

11. Defendant's agent, "Jeffrey", stated that he did not want to speak with anyone except Peter Barry.

12. Plaintiff, Nancy Barry, told Defendant's agent, "Jeffrey", that her husband Peter is recovering from multiple strokes and that he cannot handle any added stress.

13. Plaintiff, Nancy Barry, is her husband's legal Power of Attorney, and informed Defendant's agent "Jeffrey", that he could speak with her on this matter.

14. Defendant's agent, "Jeffrey", threatened that he would continue to call Plaintiffs home every day until he is able to speak with Peter Barry personally.

15. Defendant's agent, "Jeffrey", stated that the Plaintiffs were "stealing electricity", by not paying this debt.

16. As of the filing of this complaint, Plaintiffs have not received anything in writing from Defendant in this matter.

17. The Defendant acted in a false, deceptive, misleading and unfair manner when they engaged in conduct the natural consequence of which is to harass, oppress or abuse such Plaintiff in connection with the collection of a debt.

18. The Defendant acted in a false, deceptive, misleading and unfair manner by threatening to take action that it could not legally take or did not intend to take for the purpose of coercing Plaintiff to pay the debt.

19. The Defendant knew or should have known that their actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring its agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

20. At all times pertinent hereto, Defendant was acting by and through it agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

21. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

## COUNT ONE – FDCPA.

22. The above paragraphs are hereby incorporated herein by reference.

23. At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

24. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of 15 U.S.C. § 1692:

§§ 1692d: Any conduct the natural consequence of which is to harass, oppress, or abuse any person

§§ 1692e: Any other false, deceptive, or misleading representation or means in connection with the debt collection

§§ 1692e(4): Non-payment of debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment

§§ 1692e(5): Threaten to take any action that cannot be legally taken or that is not intended to be taken

§§ 1692f: Any unfair or unconscionable means to collect a debt or attempt to collect the alleged debt

§§ 1692g: Failure to send the consumer a 30-day validation notice within five days of the initial communication

**WHEREFORE**, Plaintiff respectfully requests that this court enter judgment in his favor and against Defendant, Mercantile Adjustment Bureau, LLC a/k/a Mercantile Adjustment Bureau, Inc. and Order the following relief:

a. Actual damages;

b. Statutory damages pursuant to 15 U.S.C. §1692k;

  c. Reasonable attorney's fees and costs of suit pursuant to 15 U.S.C. §1692k; and

  d. Such addition and further relief as may be appropriate or that the interests of justice require.

## V.   JURY DEMAND

Plaintiffs hereby demand a jury trial as to all issues herein.

        **Respectfully submitted,**

        **WARREN & VULLINGS, LLP**

Date:  March 23, 2010   BY: **/s/ Brent F. Vullings**
        Brent F. Vullings, Esquire
        Warren & Vullings, LLP
        1603 Rhawn Street
        Philadelphia, PA 19111
        215-745-9800  Fax 215-745-7880
        Attorney for Plaintiffs'